No. 73–386.  SHARP *v.* TEXAS.  Appeal from Ct. Crim. App. Tex.  Judgment vacated and case remanded for further consideration in light of *Miller* v. *California,* 413 U. S. 15 (1973); *Paris Adult Theatre I* v. *Slaton,* 413 U. S. 49 (1973); *Kaplan* v. *California,* 413 U. S. 115 (1973); *United States* v. *12 200-Ft. Reels of Film,* 413 U. S. 123 (1973); *United States* v. *Orito,* 413 U. S. 139 (1973); *Heller* v. *New York,* 413 U. S. 483 (1973); *Roaden* v. *Kentucky,* 413 U. S. 496 (1973); and *Alexander* v. *Virginia,* 413 U. S. 836 (1973).  MR. JUSTICE

DOUGLAS, being of the view that state obscenity regulation is prohibited by the Fourteenth and First Amendments (see *Paris Adult Theatre I* v. *Slaton,* 413 U. S. 49, 70 (DOUGLAS, J., dissenting)), would grant certiorari and reverse the judgment of conviction.

MR. JUSTICE BRENNAN, with whom MR. JUSTICE STEWART and MR. JUSTICE MARSHALL join, dissenting.

Appellant was convicted for exhibiting an obscene motion picture in violation of Texas Penal Code, Art. 527, § 3 (Supp. 1973), which provides:

> "Every person who knowingly: sends or causes to be sent, or brings or causes to be brought, into this state for sale or distribution, or in this state prepares for distribution, publishes, prints, exhibits, distributes, or offers to distribute, or has in his possession with intent to distribute or to exhibit or offer to distribute, any obscene matter is guilty of a misdemeanor."

Obscenity for purposes of Art. 527 is defined in § 1:

> "(A) 'Obscene' material means material (a) the dominant theme of which, taken as a whole, appeals to a prurient interest; (b) which is patently offensive because it affronts contemporary community standards relating to the description or representation of sexual matters; and (c) which is utterly without redeeming social value.
>
> "(B) 'Prurient interest' means a shameful or morbid interest in nudity, sex, or excretion, which goes substantially beyond customary limits of candor in description or representation of such matters. If it appears from the character of the material or the circumstances of its dissemination that the subject matter is designed for a specially susceptible

audience, the appeal of the subject matter shall be judged with reference to such audience."

It is my view that, "at least in the absence of distribution to juveniles or obtrusive exposure to unconsenting adults, the First and Fourteenth Amendments prohibit the State and Federal Governments from attempting wholly to suppress sexually oriented materials on the basis of their allegedly 'obscene' contents." *Paris Adult Theatre I* v. *Slaton,* 413 U. S. 49, 113 (1973) (BRENNAN, J., dissenting). It is clear that, when tested by that constitutional standard, the word "obscene" in § 3, read as defined in § 1, renders § 3 unconstitutionally overbroad and therefore facially invalid.

For the reasons stated in my dissent in *Miller* v. *California,* 413 U. S. 15, 47 (1973), I would therefore vacate the judgment below and remand for further proceedings not inconsistent with my *Paris Adult Theatre I* dissent. In that circumstance, I have no occasion to consider at this time whether, if § 1 were properly narrowed, appellant's challenge to the constitutionality of § 9 of Art. 527, pursuant to which the subject film was seized, would merit plenary review. See *Heller* v. *New York,* 413 U. S. 483, 495 (1973) (BRENNAN, J., dissenting).